**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK HAGLER, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-1692 |
| v. | (JUDGE CAPUTO) |
| SOUTHWEST ENERGY PRODUCTION COMPANY a/k/a, d/b/a, t/a, t/d/b/a SOUTHWESTERN ENERGY; a/k/a, d/b/a, t/d/b/a SEECO, INC.; and, a/k/a, d/b/a, t/a, t/d/b/a SEPCO, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is a Complaint by Plaintiff Frank Hagler. (Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

**I. Background**

Plaintiff filed this action on August 24, 2012. Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). His Complaint states that he resides in the State of Oklahoma. (Compl. at ¶ 2, Doc. 1.) Plaintiff also alleges that the Defendant "is a corporation whose principal place of business is believed to be located at 2350 North Sam Houston Parkway East, Suite 125, Houston, Texas 77032 and which is doing business on a regular and continuous basis within the Commonwealth of Pennsylvania." (Compl. at ¶ 3, Doc. 1.)

**II. Analysis**

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is

between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A. Corporate Defendant

In this case, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the corporate Defendant. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place

2

"where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, Plaintiff's Complaint only includes facts as to the corporate Defendant's principal place of business and its business activities in the Commonwealth of Pennsylvania. (Compl. at ¶ 3, Doc.1.) In order to properly plead the citizenship of this corporation, Plaintiff must also allege where the corporate Defendant is incorporated. As the Complaint does not contain this fact, the Court cannot determine whether there is proper jurisdiction over this corporate Defendant.

### B. Plaintiff

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Complaint alleges that Plaintiff is a resident of the State of Oklahoma, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiff must allege his state of citizenship, not merely of residence. As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

August 27, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge